UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN MOLIERE,

    Plaintiff,

v.                                                                         Case No.  6:15-cv-476-Orl-MCR

CAROLYN W. COLVIN, Commissioner of
the Social Security Administration,

    Defendant.
_____/

## **MEMORANDUM OPINION AND ORDER**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying his application for a period of disability and Disability Insurance Benefits.  Plaintiff alleges he became disabled on October 1, 2006.  (Tr. 181, 184, 209.)  Plaintiff's claims were denied initially and on reconsideration.  A hearing was held before the assigned Administrative Law Judge ("ALJ") on May 29, 2014, at which Plaintiff was represented by an attorney.  (Tr. 44-88.)  The ALJ found Plaintiff not disabled from October 1, 2006 through September 12, 2014, the date of the decision.[2]  (Tr. 22-35.)

Plaintiff is appealing the Commissioner's decision that he was not disabled

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 18.)

[2] Plaintiff had to establish disability on or before December 31, 2011, his date last insured, in order to be entitled to a period of disability and Disability Insurance Benefits. (Tr. 24.)

from October 1, 2006 through September 12, 2014.  Plaintiff has exhausted his available administrative remedies and the case is properly before the Court.  The undersigned has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED.**

**I.     Standard of Review**

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d

835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

Plaintiff raises three general issues on appeal. Plaintiff argues that the ALJ failed to properly weigh the opinions of Plaintiff's treating physician, Frederick Petty, M.D. Plaintiff specifically contends that the ALJ failed to articulate good cause for discounting Dr. Petty's opinions.[3] Plaintiff also argues that the ALJ erred by failing to properly evaluate his credibility. Finally, Plaintiff contends that the ALJ failed to present a hypothetical to the vocational expert ("VE") that included all of the mental restrictions found by the ALJ in the decision. Defendant contends that the ALJ's evaluation of the medical opinions of record is clearly articulated and supported by substantial evidence. Defendant also argues that the ALJ properly evaluated Plaintiff's credibility and found Plaintiff not to be entirely credible. Defendant finally asserts that the ALJ properly included Plaintiff's mental restrictions in the hypothetical presented to the VE.

### A. Standard for Evaluating Opinion Evidence

The ALJ is required to consider all the evidence in the record when making a disability determination. *See* 20 C.F.R. § 404.1520(a)(3). With regard to medical opinion evidence, "the ALJ must state with particularity the weight given

---

[3] Plaintiff also argues that the ALJ improperly relied partially on the opinions of non-examining State Agency physician, Francis Murphy, Ph.D. and failed to properly weigh Dr. Petty's opinion even if not provided controlling weight.

to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Substantial weight must be given to a treating physician's opinion unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

"'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the medical evidence supporting the opinion, (4) consistency of the medical opinion with the record as a whole, (5) specialization in the medical issues at issue, and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6).

Although a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion, *see Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984) (per curiam); 20 C.F.R. § 404.1527(c)(2), "[t]he opinions of state agency physicians" can outweigh the contrary opinion of a treating physician if "that opinion has been properly discounted." *Cooper v. Astrue*, Case No.: 8:06-cv-1863-T-27TGW, 2008 WL 649244 at *3 (M.D. Fla. Mar. 10, 2008). Further,

"the ALJ may reject any medical opinion if the evidence supports a contrary finding." *Wainwright v. Comm'r of Soc. Sec. Admin.*, Case No.: 06-15638, 2007 WL 708971 at *2 (11th Cir. Mar. 9, 2007) (per curiam); *see also Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same).

"The ALJ is required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists, who are also experts in Social Security disability evaluation.'" *Milner v. Barnhart*, 275 F. App'x 947, 948 (11th Cir. May 2, 2008) (per curiam); s*ee also* SSR 96-6p (stating that the ALJ must treat the findings of State agency medical consultants as expert opinion evidence of non-examining sources). While the ALJ is not bound by the findings of non-examining physicians, the ALJ may not ignore these opinions and must explain the weight given to them in his decision. SSR 96-6p.

### B. The ALJ's Decision

The ALJ found that Plaintiff had severe impairments, including status post right total knee arthroplasty, bipolar disorder, status post left total hip arthroplasty, and substance addiction disorder. (Tr. 24.) The ALJ then found that Plaintiff's impairments, including the substance use disorder, met section 12.04 of 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25.) However, the ALJ determined that if Plaintiff stopped the substance use, he would not have an impairment or combination of impairments that meets or medically equals any of the

5

impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 28.)

At step four, the ALJ found that Plaintiff retained the RFC to perform light work with limitations, including limiting Plaintiff to performing simple, routine, and repetitive tasks, only occasional contact with co-workers, and no contact with the general public.  (Tr. 29.)  In making this finding, the ALJ gave "some weight" to Dr. Petty's opinion that Plaintiff was incapable of even low stress work.  (Tr. 31.) The ALJ stated:

> Dr. Petty's opinion is given some weight.  I agree with Dr. Petty that the claimant is disabled while abusing alcohol or other substances, however, when the claimant is sober, his mental impairments improve, and he is able to function.  After the claimant achieved sobriety, the claimant's psychiatric impairment although still severe was not disabling.  Additionally, Dr. Petty's report indicates the first treatment was on April 27, 2007 and the last treatment was on May 1, 2014, [sic] Dr. Petty's opinion except for the assigned GAF score is inconsistent with the record as a whole (Exhibit 20F), and Dr. Petty had a very limited treatment history with the claimant.

(Tr. 31.)  The ALJ then afforded "great weight" to the GAF scores of 55 and afforded partial weight to the opinions of non-examining State Agency physician, Dr. Murphy.  (Tr. 32-33.)

The ALJ further determined that Plaintiff was unable to perform his past relevant work, but that Plaintiff could perform jobs that exist in significant numbers in the national economy, such as marker, office helper, and document preparer. (Tr. 33-35.)  The ALJ ultimately concluded that Plaintiff was not disabled if he stopped substance abuse.  (Tr. 35.)

## C.  Analysis

Plaintiff initially argues that the ALJ erred by discounting the opinions of Dr. Petty, Plaintiff's treating physician.  Specifically, Plaintiff contends that the ALJ failed to articulate clear reasons supported by substantial evidence for discounting the treating opinions.  In support, Plaintiff points to the ALJ's inaccurate statement that Dr. Petty found Plaintiff disabled when abusing substances, but found Plaintiff improved and functioning when sober.  Plaintiff also attacks the ALJ's vague reasons for discounting Dr. Petty's opinions: that Dr. Petty's opinions were "inconsistent with the record as a whole," and "Dr. Petty had a very limited treatment history" with Plaintiff.  (Doc. 20 at 17; Tr. 31.)

On May 1, 2014, Dr. Petty filled out a Psychiatric/Psychological Impairment Questionnaire.  (Tr. 3391-98.)  Dr. Petty diagnosed Plaintiff with "PTSD, Bipolar mixed" and "substance use disorder in remission."  He opined that Plaintiff's prognosis was guarded.  (Tr. 3398.)  Dr. Petty stated that Plaintiff had primary symptoms of "episodic depression," "memory loss," "intrusive memories," and "emotional lability."  He also reported that Plaintiff's symptoms require hospitalization or emergency room treatment for his symptoms "[a]bout 5x per year." (Tr. 3393.)  Dr. Petty found Plaintiff to be "markedly limited" in the areas of understanding and memory, sustained concentration and persistence," and adaptation.  (Tr. 3394-96.)  Dr. Petty opined that Plaintiff was "incapable of even 'low stress' [work]" due to severe symptoms and emotional lability and that

7

Plaintiff would likely be absent from work more than three (3) times per month as a result of the impairments or treatment.  (Tr. 3397-98.)  Dr. Petty stated that the limitations likely applied since 2007.  (Tr. 3398.)

In conjunction with the questionnaire, Dr. Petty opined that Plaintiff "is totally disabled without consideration of any past or present drug and/or alcohol use." (Tr. 3399.)  He also opined that "[d]rug and/or alcohol abuse is not a material cause of [Plaintiff's] disability" because "[Plaintiff] is currently not using drugs and/or alcohol and remains disabled." (*Id.*)

The undersigned agrees with Plaintiff in that the Court cannot conclude that the ALJ applied the correct legal standards with respect to evaluating Dr. Petty's opinions and that the Commissioner's findings in this regard are supported by substantial evidence.  As an initial matter, the ALJ's written analysis of Dr. Petty's opinions is confusing at best.  While the ALJ discusses and gives "some weight" to Dr. Petty's finding that Plaintiff is incapable of even low stress work based on his severe symptoms and emotional lability, the ALJ provides no discussion regarding Dr. Petty's assigned "marked limitations" and likely absences from work, as well as Dr. Petty's conclusion that Plaintiff is totally disabled.  Although the ALJ was not required to mention every piece of evidence in the decision, pursuant to SSR 96-5P, the ALJ could not ignore Dr. Petty's opinions and was required to fully evaluate them.  *See Winschel*, 631 F.3d at 1179 (holding that "the ALJ must state with particularity the weight given to different medical

opinions and the reasons therefor"); *see also Moon v. Comm'r of Soc. Sec.*, 2014 WL 548110 at *3 (M.D. Fla. Feb. 11, 2014) (citing SSR 96-5P); *Spahiu v. Colvin*, 2013 WL 828460 at *6 (M.D. Fla. Mar. 6, 2013) ("Even if a treating physician's opinion pertains to an issue reserved to the Commissioner (e.g. a statement that the claimant is unable to work or is disabled), the ALJ must still 'carefully consider' and 'never ignore' these opinions.").

The ALJ's analysis is further made confusing by his ambiguous statement that "[he] agree[s] with Dr. Petty that [Plaintiff] is disabled while abusing alcohol or other substances, however, when the claimant is sober, his mental impairments improve, and he is able to function." (Tr. 31.) However, as referenced above, Dr. Petty concluded that substance use is *not* a material cause of Plaintiff's disability because Plaintiff "is currently not using drugs and/or alcohol and remains disabled." (Tr. 3399.)

The ALJ failed to articulate clear reasons, supported by substantial evidence, for discounting Dr. Petty's opinions. It appears that the ALJ afforded only "some weight" to the opinions because they were "inconsistent with the record as a whole" and "Dr. Petty had a very limited treatment history with the claimant." (Tr. 31.) However, in making this vague statement, the ALJ did not explain what evidence of record he was referring to, thereby frustrating judicial review. *See, e.g., Beard v. Colvin*, Case No. 3:14-cv-18-J-JRK, 2015 WL 1138447 at *6 (M.D. Fla. Mar. 13, 2015) (stating that the ALJ's failure to explain

9

how the treating physician's opinion "is inconsistent with the 'overall evidence' . . . frustrates judicial review and precludes a finding that the ALJ's treatment of [the treating physician's] opinion is supported by substantial evidence").  In the discussion of Dr. Petty's opinions, the ALJ failed to cite to any specific exhibits he found to be inconsistent with Dr. Petty's opinions.  *See id.* at \*6 ("Simply put, in the discussion of [the treating physician's] opinion, the ALJ did not cite to any specific medical records that he found to be inconsistent with [the treating physician's] opinion."); *see also Anthony v. Astrue*, Case No. 3:11-cv-355-J-JRK, 2012 WL 3536989 at \*4 (M.D. Fla. Aug. 14, 2012) (reversing Commissioner's decision where ALJ discounted treating physician's opinion because "the ALJ provided no analysis or explanation regarding the other conclusory reasons to discount the opinion"); *Gayler v. Astrue*, Case No. 5:07-cv-121-Oc-GRJ, 2008 WL 4327050 at \*6 (M.D. Fla. Sept. 18, 2008) (reversing Commissioner's decision where "the ALJ failed to explain or even provide a clue as to how [the treating physician's] opinion was inconsistent with other record medical evidence").

Similarly, the ALJ failed to explain why he believed Dr. Petty had a very limited treatment history with Plaintiff.  Other than re-iterating Dr. Petty's reported treatment as beginning in April 2007 and ending in May 2014, the ALJ provided no discussion as to why Dr. Petty's treatment history provides a reason to discount Dr. Petty's opinions.  Without more, "it is impossible for [the Court] to determine whether the ultimate decision on the merits of the claim is rational and

10

supported by substantial evidence."[4]  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Notably, the ALJ made the specific finding that Plaintiff maintained sobriety beginning in 2010.  (Tr. 30.)  The ALJ apparently relied on Plaintiff's "limited" psychiatric treatment since sobriety as the main basis to conclude that Plaintiff is not disabled unless substance abuse is involved.  (*See* Tr. 30 (referencing Plaintiff's "limited psychiatric treatment" from December 2010 to March 2013); Tr. 31 (referencing Plaintiff's "limited psychiatric involvement" from June 2010 to March 2013); Tr. 32 (referencing Plaintiff's "limited psychiatric treatment" after June 2010).)  However, the record is replete with post-June 2010 psychiatric treatment records, including multiple hospitalizations (both voluntarily and involuntarily) due to psychiatric symptoms.  (*See, e.g.*, Tr. 1719-26, 2409-13, 2510, 2521-26, 2532, 2542, 2545-46, 2549-51, 2560-67, 2578-80, 2595-96, 2626-32, 2694-2751, 2767-78, 2915-39, 3966-70, 4028-30, 4157-60, 4174-78, 4214-4223.)

---

[4] Particularly troubling is the ALJ's apparent substitution of his own lay medical opinions for those of the doctors.  *See Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir. 1982) (holding that an ALJ may not substitute his opinion for that of a doctor).  The only "opinions" regarding Plaintiff's mental limitations that the ALJ afforded more than partial weight are the GAF scores of 55 assigned by Dr. Petty and Woodburne Levy, M.D.  As Plaintiff points out, however, the Commissioner has "declined to endorse the GAF scale 'for use in the Social Security and SSI disability programs,'" *Wind v. Barnhart*, 133 F. App'x 684, 693 n.5 (11th Cir. 2005), as "[r]eliance upon a GAF score is of questionable value in determining an individual's mental functional capacity." *Gasaway v. Astrue*, Case No.: 8:06-cv-1869-T-TGW, 2008 WL 585113 at *4 (M.D. Fla. Mar. 3, 2008).

The Commissioner (in her brief) provided certain *post hoc* justifications for the ALJ's evaluation of Dr. Petty, including Plaintiff's apparent failure to prove Dr. Petty's treating physician status. However, the ALJ failed to make such determination and, in fact, referenced Dr. Petty's *treatment* history with Plaintiff in his discussion. (Tr. 31.) Moreover, this contention and the Commissioner's various justifications for why the ALJ could have discounted Dr. Petty's opinions cannot be considered here. *See, e.g., Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010) ("[A] court may not accept appellate counsel's *post hoc* rationalizations for agency actions. If an action is to be upheld, it must be upheld on the same bases articulated in the agency's order.") (internal citations omitted).

Therefore, the Court finds that the ALJ's decision is not supported by substantial evidence. This issue is dispositive and, therefore, it is unnecessary for the Court to address Plaintiff's remaining arguments. *See, e.g., Alexander v. Comm'r of Soc. Sec.*, Case No.: 8:13-cv-1602-T-GJK, 2014 WL 4211311 at *3 n.3 (M.D. Fla. Aug. 26, 2014) (citing *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (stating that on remand the ALJ must reassess the entire record)).

Accordingly, it is **ORDERED**:

1.  The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with instructions to the ALJ to: (a) reconsider Dr. Petty's opinions, explain what weight they are being accorded, and

the reasons therefor and (b) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3. Plaintiff's counsel is advised that, in the event benefits are awarded on remand, any § 406(b) or § 1383(d)(2) fee application shall be filed within the parameters set forth by the Order entered in Case No.: 6:12-124-Orl-22 (*In re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** at Jacksonville, Florida, on September 21, 2016.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record